UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SAMIMBANU KAPADIA,

      Plaintiff,
vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

      Defendant.
_____)

## COMPLAINT

The Plaintiff, Samimbanu Kapadia ("KAPADIA"), by and through the undersigned counsel, hereby sues the Prudential Insurance Company of America ("PRUDENTIAL") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. KAPADIA was at all times relevant a plan participant under Sekisui

America Corporation Group Long Term Disability Policy, Group No.: 51374 ("LTD" Plan). A copy of the LTD Plan is contained in the Administrative Record.

3. Defendant, PRUDENTIAL, is a corporation with its principal place of business in the State of New Jersey, authorized to transact and transacting business in the Southern District of Florida. PRUDENTIAL is the insurer of benefits under the Sekisui America Corporation LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The PRUDENTIAL LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Sekisui America Corporation under which KAPADIA was a participant, and pursuant to which KAPADIA is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of the LTD Plan, KAPADIA is entitled to LTD benefits for the duration of her disability, for so long as KAPADIA remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. KAPADIA incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, KAPADIA was an employee or former employee of

2

Sekisui America Corporation and a plan participant under the terms and conditions of the LTD Plan.

9. During the course of KAPADIA's employment, KAPADIA became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while KAPADIA was covered under the LTD Plan, KAPADIA suffered a disability on account of a sickness, rendering her disabled as defined under the terms of the LTD Plan. Due to concerns of privacy, the nature of her disabling condition is discussed in detail within the administrative record.

10. The LTD Plan defines Disability to mean: (1) you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and (2) you are under the regular care of a doctor; and (3) you have a 20% or more loss in your monthly earnings due to that sickness or injury. After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury (1) you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and (2) you are under the regular care of a doctor.

11. Pursuant to the terms of the LTD Plan, KAPADIA submitted to PRUDENTIAL a claim for long term disability benefits under the LTD Plan with an effective date of disability of March 21, 2012.

12. PRUDENTIAL initially approved KAPADIA's claim for benefits, with an effective date of LTD Benefits of on or about June 19, 2012 as it had determined that KAPADIA was disabled as it related to performing her regular occupation as an Associate Manufacturing Technician.

13. While on disability, PRUDENTIAL notified KAPADIA on March 18,

2014, that her claim was being terminated effective June 19, 2014, as PRUDENTIAL had determined she no longer met the definition of disability and that she was able to perform the duties of "any gainful occupation."

14. Prior to the 180 deadline, KAPADIA properly submitted her appeal of PRUDENTIAL's adverse determination.

15. On December 15, 2014, PRUDENTIAL issued a letter confirming its denial of KAPADIA's claim for benefits under the LTD Plan.

16. KAPADIA availed herself of PRUDENTIAL's voluntary appeal process and submitted a second appeal on January 14, 2015.

17. On May 20, 2015, PRUDENTIAL notified KAPADIA that the denial of her benefits was again being upheld.

18. KAPADIA has exhausted all administrative remedies.

19. PRUDENTIAL breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to KAPADIA at a time when PRUDENTIAL and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as KAPADIA was disabled due to a physical medical condition that was not subject to a limited pay period; is unable to work and therefore entitled to benefits.

    b. After KAPADIA's claim was denied in whole or in part, PRUDENTIAL failed to adequately describe to KAPADIA any additional material or information necessary for KAPADIA to perfect her claim along with an explanation of why such material is or was necessary.

    c. PRUDENTIAL failed to properly and adequately investigate the merits of

KAPADIA's disability claim and failed to provide a full and fair review of KAPADIA's claim.

20. KAPADIA believes and alleges that PRUDENTIAL wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which KAPADIA is presently unaware, but which may be discovered in this future litigation and which KAPADIA will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by KAPADIA.

21. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL under the LTD Plan, KAPADIA has damages for loss of disability benefits in a total sum to be shown at the time of trial.

22. As a further direct and proximate result of this improper determination regarding KAPADIA's claims for benefits, KAPADIA, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), KAPADIA is entitled to have such fees and costs paid by PRUDENTIAL.

23. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist; therefore, KAPADIA is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Samimbanu Kapadia prays for relief against The Prudential Insurance Company of America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as

Plaintiff remains disabled under the terms of the LTD Plan;

      3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

      4.    Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

      5.    Payment of prejudgment and post judgment interest as allowed for under ERISA; and

      6.    Such other and further relief as this Court deems just and proper.

DATED: July 14, 2015.

>ATTORNEYS DELL AND SCHAEFER,
>CHARTERED
>Attorneys for Plaintiff
>2404 Hollywood Boulevard
>Hollywood, FL 33020
>(954) 620-8300
>
>  /s/ *Stephen F. Jessup*
>STEPHEN F. JESSUP, ESQUIRE
>Florida Bar No.: 0026264
>Email: stephen@diattorney.com